DECISION AND JUDGMENT ENTRY
{¶ 1} General Smith, III appeals the judgment of the Pickaway County Court of Common Pleas denying his petition to vacate or set aside his sentence, his motion to dismiss, and his motion to withdraw his plea of no contest to one charge of Robbery in violation of R.C. 2911.02(A)(2). First, Smith contends that the trial court abused its discretion by refusing to allow him to withdraw his no contest plea more than one year after his sentencing. Specifically, Smith argues that he did not knowingly and voluntarily enter his plea because the offense for which the trial court convicted him was not charged in the indictment, was not a lesser included offense of any charge in the indictment, and the trial court did not explain the elements of the charge, to which he pled no contest, on the record. Because we have previously found the amendment of Smith's indictment proper as appellant knowingly and voluntarily assented to the same pursuant to his plea agreement with the prosecution, we disagree.
 {¶ 2} Next, Smith contends that the trial court erred by failing to dismiss the charges against him on speedy trial grounds. Because we find that the trial court's amendment of the indictment and acceptance of Smith's no contest plea were proper, and because Smith, himself, acknowledges that fewer than 180 days passed from the filing of his motion for a speedy trial to the date of his no contest plea, we disagree.
 {¶ 3} Finally, Smith contends that the trial court violated his constitutional right to due process and Crim.R. 11 by accepting his plea and sentencing him in chambers instead of open court, and by participating in his plea negotiations. Because we find that Smith failed to object when he entered his plea and received his sentence, we find that he waived his right to have the proceedings conducted in open court. Additionally, we find that, while the court did ask questions to ensure that it understood the terms of the agreement and to ensure that Smith was knowingly and voluntarily entering his plea of no contest, as it was required to do under Crim.R. 11, the transcript demonstrates that the court did nothing to intimidate Smith into accepting the plea agreement. Therefore, we find Smith's assertion that the trial court participated in the plea negotiation is without merit. Accordingly, we overrule each of Smith's assignments of error and affirm the trial court's judgment.
 I. {¶ 4} The record reflects that, on January 9, 2003, two men entered the Smokes for Less store in South Bloomfield, Ohio. After shopping for a few minutes, one of the men pulled a handgun and forced the clerk into the bathroom. Then, the two men removed cartons of cigarettes from the shelves, took money from the cash register and stole the clerk's purse. The men fled in a black and red Mustang convertible, which was later found in a nearby alley. The Pickaway County Sheriff's Office responded and conducted an investigation. Information revealed during the investigation indicated that Smith and Jason Harris committed the robbery. The store clerk was able to identify both suspects from a photo lineup without hesitation.
 {¶ 5} On January 15, 2003, the Pickaway County Sheriff's Office filed two criminal complaints, an amended complaint and an affidavit, against Smith in the Circleville Municipal Court, charging him with aggravated robbery, in violation of R.C.2911.01, a first degree felony, and theft, in violation of R.C.2913.02, a fifth degree felony. A warrant issued for Smith's arrest.
 {¶ 6} In February 2003, the Pickaway County Grand Jury indicted Smith on one count of aggravated robbery in violation of R.C. 2911.01 with a gun specification, a first degree felony; kidnapping in violation of R.C. 2905.01 with a gun specification, a second degree felony; and theft in violation of R.C. 2913.02, a fifth degree felony. Again, a warrant issued for Smith's arrest.
 {¶ 7} On May 23, 2003, Smith filed a motion for a speedy trial. Apparently, at that time, Smith was in the Franklin County Jail on unrelated charges. On June 25, 2003, Smith appeared before the trial court for his arraignment and pled not guilty to all charges. At that time, Smith requested discovery from the state, and the court scheduled a pretrial conference. The case was set for jury trial on September 22, 2003, and later rescheduled for trial on November 13, 2003.
 {¶ 8} On October 14, 2003, Smith filed a motion to dismiss the charges against him, wherein he alleged that, pursuant to R.C. 2945.71, his speedy trial time had run. On November 13, 2003, the trial court orally denied Smith's motion and the parties began jury selection. After a bench conference, the court indicated to the jury that he would be meeting with counsel in chambers to discuss a matter outside the jury's presence.
 {¶ 9} The court convened on the record in chambers with the defendant, his counsel, and the prosecutor. Thereupon, Smith's counsel informed the court that Smith wished to enter a plea of no contest while reserving the right to appeal the court's ruling on his speedy trial motion. At that time, the prosecutor indicated that the state would amend the charge from aggravated robbery, a first degree felony to robbery, a second degree felony. Smith executed a petition to enter a plea of no contest to an amended count of robbery in violation of R.C.2911.02(A)(2), a second degree felony. In return, the state agreed to merge all other counts into that one count and recommend a three year sentence. In the petition, Smith specifically acknowledged that his attorney advised him of the nature of each charge and all possible defenses that he might have.
 {¶ 10} The court engaged in a Crim.R. 11 colloquy with Smith, found that he was entering his plea knowingly, voluntarily and intelligently, accepted his plea of no contest with a stipulation of guilt, and found him guilty of robbery, a felony of the second degree, as amended by the state. The court immediately proceeded to conduct Smith's sentencing hearing, and sentenced him to three years in prison, to be served consecutive to Smith's prior sentence on unrelated charges.
 {¶ 11} On November 17, 2003, the trial court issued: (1) a judgment entry overruling and dismissing Smith's speedy trial motion and (2) a separate sentencing entry. On November 18, 2003, Smith filed a notice of appeal with this court in Pickaway App. No. 03CA24. Smith's counsel later filed a motion to voluntarily dismiss the appeal. Because Smith had not signed the motion, we ordered his attorney to complete and have Smith sign a form authorizing the dismissal. Neither Smith nor his counsel complied with our order. Thereafter, we issued another entry ordering Smith's counsel to complete and have Smith sign a second form authorizing the dismissal, and advised Smith that if the form was not completed and filed within thirty days from the journalization of our entry, we would dismiss his appeal for failure to prosecute. We then ordered the clerk to serve that entry upon Smith by certified mail, return receipt requested. Although the record confirms that proper service was made on October 26, 2004, Smith took no action. Therefore, we dismissed that appeal for failure to prosecute on December 13, 2004.
 {¶ 12} On January 4, 2005, Smith moved this court to reopen his direct appeal pursuant to App.R. 26(B). Smith alleged that his original appellate counsel was ineffective because he failed to diligently pursue Smith's appeal by raising two potentially meritorious assignments of error. Specifically, Smith contended that his original appellate counsel: (1) sought to dismiss the appeal over his objection; (2) failed to challenge the trial court's amendment of the indictment; (3) failed to challenge the trial court's acceptance of his no contest plea. Smith argued that the amendment of the indictment violated Crim.R. 7(D), Crim.R. 11(C)(2), and his constitutional right to due process because robbery was not a lesser included offense of aggravated robbery, and because the trial court never explained the elements of the amended charge or caused him to be served with an amended indictment. In essence, Smith argued that his appellate counsel should have pursued the direct appeal on the ground that Smith did not knowingly and voluntarily enter his plea of no contest because his trial counsel and the court did not adequately inform him of the nature of the amended charge.
 {¶ 13} On April 6, 2005, we denied Smith's request to reopen his direct appeal, finding that there was no evidence that Smith's original appellate counsel violated any essential duties in his representation of Smith. We also found that even assuming that Smith had established that his counsel's actions were deficient, he failed to demonstrate that he was prejudiced by counsel's failure to raise the errors set forth in his application, or that the outcome would have been different had those errors been included in his original appeal to this court.
 {¶ 14} On July 1, 2004, Smith filed a petition to vacate or set aside his sentence pursuant to R.C. 2953.21. He alleged that he was deprived of his constitutional right to due process because he was not informed in writing of the charges pending against him in Pickaway County while he was incarcerated in Franklin County, and was therefore deprived of his right to a speedy trial pursuant to R.C. 2941.401. Additionally, Smith alleged that he received ineffective assistance of counsel. On August 18, 2004, Smith moved the court for summary judgment upon these claims.
 {¶ 15} On December 10, 2004, Smith moved the court for leave to withdraw his plea of no contest, again arguing that the trial court erred by allowing the state to amend the indictment to robbery, which was not a lesser included offense of the indicted offense of aggravated robbery. Thus, Smith argued that the amendment of the charge improperly changed the name, character or identity of the offense in contravention of Section 10, Article I
of the Ohio Constitution and Crim.R. 7(D).
 {¶ 16} The trial court denied Smith's petition to vacate or set aside his sentence, his motion for summary judgment, and his motion to withdraw his plea for manifest injustice. With regard to Smith's speedy trial claim, the trial court found that the 180-day trial time prescribed by R.C. 2941.401 began to run when he filed his motion on May 23, 2003 and that he entered his plea on November 13, 2003, well within the 180-day time limitation. Moreover, the trial court noted that it previously heard and decided Smith's speedy trial argument before accepting his no contest plea, and, therefore, the doctrine of res judicata barred his claim.
 {¶ 17} Similarly, the trial court found that the doctrine of res judicata barred Smith's claim of ineffective assistance of counsel because a defendant may not raise an issue in a motion for post conviction relief if he could have raised, or did raise, the issue on direct appeal. The court found that any issue of ineffective assistance of counsel must be heard at the appellate level. Additionally, the court found that Smith's trial counsel was not ineffective because he achieved the remarkable result of substantially reducing the indicted charges of aggravated robbery and kidnapping with gun specifications, plus an additional theft charge, to a single count of robbery.
 {¶ 18} Finally, the trial court found that because it permitted the state to amend the indictment as part of a negotiated plea agreement, to which Smith knowingly entered a no contest plea, the amendment of the indictment did not cause a manifest injustice that would warrant the post-sentence withdrawal of Smith's plea.
 {¶ 19} Smith appeals raising the following assignments of error: "[I.] The Trial Court abused it's (sic) discretion by refusing to allow Appellant to withdraw his plea for a manifest injustice. [II.] Trial Court (sic) erred in allowing time to be tolled Appellant (sic) concerning the issue of a fast and speedy trial pursuant to 2941.401 of the Ohio R.C."
 {¶ 20} After filing his brief before this court, Smith filed a motion to supplement his brief, wherein he asserted an additional argument in support of his contention that his plea agreement was invalid. Namely, Smith argued that his plea agreement was not enforceable or valid where the court failed to comply with Crim.R. 11(F), which requires the agreement to be stated on the record in open court. Smith contends that the record reflects that his plea negotiation, as well as his plea and sentencing hearings occurred in chambers instead of open court.
 {¶ 21} We granted Smith's motion to supplement his brief, and he filed a supplemental brief, wherein he raised an additional assignment of error: [III.] Trial Court violate (sic) the Appellants (sic) rights under the U.S. Constitution and the Constitution of the State of Ohio, when sentencing the Appellant behind closed doors, in Judges chambers, out of the view of the general public and by helping negotiate the plea in chambers."
 II. {¶ 22} In his first assignment of error, Smith contends that the trial court abused its discretion by refusing to allow him to withdraw his no contest plea to correct a manifest injustice. Specifically, Smith contends that the state's amendment of the indictment from aggravated robbery with a gun specification in violation of R.C. 2911.01(A)(1), to robbery in violation of R.C.2911.02(A)(2) deprived him his constitutional due process rights where: (1) the amended offense is not a lesser included offense of the indicted offenses; (2) the elements of the amended offense are not included in the original indictment; and (3) the court did not explain the elements of the amended charge at the change of plea hearing. Smith argues that he did not enter his no contest plea knowingly or voluntarily because the trial court did not explain that the amended robbery charge included the elements of "inflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 23} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "Manifest injustice" is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases. State v. Smith (1977),49 Ohio St.2d 261, 264. A defendant who seeks to withdraw his plea bears the burden of establishing a manifest injustice. Smith at paragraph one of the syllabus. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Smith at paragraph two of the syllabus. Therefore, we will only reverse the trial court's decision if the court abused its discretion. State v. Xie
(1992), 62 Ohio St.3d 521, 526.
 {¶ 24} Here, we note that Smith previously raised the same argument in support of his application to reopen his appeal in Pickaway App. No. 03CA24. In our decision and entry denying his application, we stated: "Both of [Smith's] proposed assignments of error concern the amendment of the indictment from aggravated robbery to robbery. He believes that because robbery is not a lesser included offense of aggravated robbery, the trial court was precluded from accepting his plea to the reduced charge.
 {¶ 25} "[Smith] is mistaken. The record shows that [Smith] agreed to plead no contest with a stipulation of guilt to an amended count of robbery in exchange for the dismissal of the other charges, kidnapping and theft. By pleading no contest, [Smith] waived any deficiencies created by amending the indictment. See, e.g., State v. Childress (1993),91 Ohio App.3d 258.
 {¶ 26} "Moreover, there also is nothing to indicate that appellant's plea was involuntary or otherwise invalid. The trial court fully explained the nature of the charges against him in addition to the rights he was waiving by pleading no contest. Therefore, we conclude that the amendment of the indictment was proper as appellant knowingly and voluntarily assented to the same pursuant to his plea agreement with the prosecution.Childress at 262."
 {¶ 27} The doctrine of res judicata may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal. State v. Houston
(1995), 73 Ohio St.3d 346, 347. See State v. Perry (1967),10 Ohio St.2d 175. The Ohio Supreme Court has also held that in some cases "circumstances render the application of res judicata unjust." Houston, quoting State v. Murnahan (1992),63 Ohio St.3d 60, 66 Here, however, Smith has had prior opportunities to challenge the amendment of the indictment, as well as the court's finding that he knowingly and voluntarily entered his no contest plea. Smith offers no explanation as to why the application of res judicata would be unjust. Accordingly, we conclude that the doctrine of res judicata bars our consideration of the issue of whether Smith knowingly and voluntarily entered his no contest plea.
 {¶ 28} Even if we were to assume, arguendo, that the doctrine of res judicata did not bar the litigation of that issue, we could not find that the trial court abused its discretion in denying Smith's motion to withdraw his plea and his petition to vacate or set aside his sentence on that ground. In State v.Rainey (1982), 3 Ohio App.3d 441, 442, the court held: "In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge. In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court. See unreported decisions of this court in Statev. Moore (Feb. 5, 1981), Franklin App. No. 80AP-643, and Statev. Kimble (Aug. 23, 1979), Franklin App. No. 79AP-71."
 {¶ 29} Here, Smith signed a petition to enter a plea of no contest. In that petition, he specifically acknowledged his lawyer had counseled and advised with him on the nature of each charge and on all possible defenses he might have. Smith acknowledged that he offered his no contest plea freely and voluntarily and of his own accord and with full understanding of all the matters set forth in the information/indictment and in the petition. Additionally, the transcript reflects that the court informed Smith that the original count of aggravated robbery, a first degree felony, was amended to robbery, a second degree felony. And his petition to enter his plea reflects that he understood that in exchange for his plea to robbery, the state would merge the kidnapping, gun specifications, and theft charges into the robbery charge. Therefore, even if the doctrine of res judicata did not bar Smith's claim, we can not find that that the trial court abused its discretion in concluding that Smith understood the nature of the amended charge under the circumstances.
 III. {¶ 30} In his second assignment of error, Smith contends that the trial court erred in allowing time to be tolled against him for purposes of determining his right to a speedy trial under R.C. 2941.401. However, as the state notes in its brief, Smith admits that he "does not wish to challenge whether he was brought to trial within 180 days (May 23, 2003 to November 18, 2003)[,]" i.e. from the date of his motion for a speedy trial to the date he entered his plea.[1] Instead, Smith seeks to have this court dismiss the indictment against him based upon his contention that the trial court improperly allowed the state to amend the indictment and failed to inform him of the elements of the amended charge. In essence, Smith argues that the amendment of the indictment was improper and, therefore, his no contest plea is void. Thus, he claims that the speedy trial clock continued to run beyond the date of his no contest plea, and has since expired. Hence, he claims we must now dismiss the action with prejudice.
 {¶ 31} We have already determined in our April 6, 2005 decision and judgment entry, and herein, that the trial court's amendment of the indictment and acceptance of Smith's no contest plea were proper. Furthermore, Smith, himself, acknowledges that fewer than 180 days passed from May 23, 2003 to November 13, 2003. Accordingly, we overrule Smith's second assignment of error.
 IV. {¶ 32} In his third assignment of error, Smith contends that the trial court violated his constitutional due process rights by sentencing him in chambers and by failing to comply with Crim.R. 11(F). Specifically, Smith argues that: (1) the underlying plea agreement was stated on the record in chambers, rather than in open court as required by Crim.R. 11(F); and (2) the trial judge improperly participated in the plea negotiation by asking questions about the agreement, thus negating the voluntariness of his plea. Additionally, in his statement of the issues presented for review with regard to his third assignment of error, Smith asserts that the trial court violated his constitutional rights by sentencing him in chambers, out of the view of the general public.
 {¶ 33} A review of the record reveals that this is the first time that Smith has challenged the trial court's alleged participation in the plea negotiation and the court's failure to conduct his plea and sentencing hearings in open court. The transcript plainly reveals that Smith failed to object to the trial court's conduct of his plea and sentencing hearings on the record in the court's chambers. While the Sixth Amendment of the United States Constitution, as applicable to the states through the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution guarantees the right of a public trial, that right is not absolute. State v. Whitaker, Cuyahoga App. No. 83824,2004-Ohio-5016, at ¶ 11, citing, e.g., Brown v. Kuhlman (C.A.2, 1998), 142 F.3d 529; Douglas v. Wainwright (C.A. 11, 1984),739 F.2d 531, cert. Denied, 469 U.S. 1208. An accused's failure to object to the closing of the courtroom constitutes a waiver of the right to a public trial. Id. at ¶ 13, citing Peretz v.United States (1991), 501 U.S. 923, 111 S.Ct. 2661,115 L.Ed.2d 808, citing Levine v. United States, 362 U.S. 610, 619,80 S.Ct. 1038, 4 L.Ed.2d 989.
 {¶ 34} Additionally, the Ohio Supreme Court has previously found that when a plea agreement was stated on the record in chambers, rather than being stated on the record in open court, there is a technical violation of Crim.R.11(F). State v. Spivey
(1998), 81 Ohio St.3d 405, 418. However, while recognizing the technical violation, the Court declined to find counsel ineffective for failing to object to the manner in which the plea was placed before the trial court where: (1) the terms of the plea agreement were stated on the record at an in chambers conference attended by the parties and two members of a three-judge panel; (2) all parties and the court were aware of the agreement; (3) the agreement was adhered to by the parties; and (4) there was no evidence of prejudice to the defendant. Id.
 {¶ 35} Here, as in Spivey, the parties placed the agreement on the record in chambers in the presence of the parties and the judge, therefore, the parties and the court were aware of the agreement. Additionally, we note that Smith signed a written petition to enter his plea of no contest that specifically set forth the terms of the plea agreement. The parties abided by the terms of the agreement, and the trial court adopted the state's sentence recommendation. There is no evidence that Smith suffered any prejudice as a result of the technical violation of Crim.R. 11(F). Accordingly, Smith's Crim.R. 11 argument is without merit.
 {¶ 36} Finally, in the interest of justice, we address Smith's contention that the trial court's participation in the plea negotiation negated the voluntariness of his no contest plea. In State v. Byrd (1980), 63 Ohio St.2d 288, 293, the Ohio Supreme Court recognized that a plea may be rendered involuntary based upon the conduct of the trial court during plea negotiations. The court found: "Ordinarily, if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary and void under theFifth Amendment and Section 10, Article I of the Ohio Constitution." Id. at 293-294.
 {¶ 37} In Byrd, the trial judge actively participated in the plea negotiation, enlisting the defendant's family members to convey the futility of going to trial and coerce him into agreeing to enter a plea. Additionally, in meetings, the trial judge applied "intense pressure" in its efforts to make the defendant realize that a plea agreement was in his best interest. Id. Here, however, the transcript reveals that the parties appeared in chambers to inform the court that they had reached a plea agreement and that Smith was ready to enter his plea of no contest while reserving his right to appeal the court's ruling on the speedy trial issue. While the court did ask questions to ensure that it understood the terms of the agreement and to ensure that Smith was knowingly and voluntarily entering his plea of no contest, as it was required to do under Crim.R. 11, the transcript demonstrates that the court did nothing to intimidate Smith into accepting the plea agreement. Accordingly, we find Smith's argument that the trial court participated in the plea negotiation, thereby negating the voluntariness of his plea, is without merit.
 {¶ 38} In conclusion, we overrule each of Smith's three assignments of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If the trial court or this court has previously granted a stay of execution of sentence and release upon bail, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal before expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] The record reflects that Smith actually entered his no contest plea on November 13, 2003, not November 18, 2003 as Smith alleges.