JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Eddie McCarroll appeals his sentence after pleading guilty to felonious assault in the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate the sentence and remand for resentencing.
 {¶ 2} McCarroll was charged with two counts of felonious assault and three counts of child endangering. The victim, a 23-month-old boy, suffered extensive burns while in the care of McCarroll. The burns consisted of partial thickness burns covering the child's entire left buttock, partial thickness burns covering 90 percent of his right buttock, partial thickness burns on his right upper thigh, a circumferential burn of his right hand, and a swelling of the joint to the tip of his fourth finger on his right hand. McCarroll claimed, even at sentencing, that he thought the burns were a diaper rash. He pled guilty to one count of felonious assault, a felony of the second degree, and the remaining counts were dismissed by the state. McCarroll was sentenced to the maximum term of eight years in prison. He appeals, advancing three assignments of error for our review.
 {¶ 3} "I. Appellant's maximum sentence is contrary to law and violative of due process because the trial court failed to make and articulate the findings and reasons necessary to justify it."
 {¶ 4} "II. Appellant's sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was consistent with the sentences imposed for similar crimes committed by similar offenders."
 {¶ 5} "III. Appellant was deprived of his liberty without due process of law and of his constitutional right to a trial by jury when the trial court relied on judge-found facts to impose a maximum sentence."
 {¶ 6} In this case, McCarroll pled guilty to a felony of the second degree and was sentenced to the maximum term of eight years in prison. The trial court imposed the maximum sentence pursuant to R.C. 2929.14(C) and 2929.19(B)(2), which the Ohio Supreme Court has since declared unconstitutional and excised from the statutory scheme. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶¶ 1-4, applying United States v. Booker (2005),543 U.S. 220; Blakely v. Washington (2004), 542 U.S. 296; andApprendi v. New Jersey (2000), 530 U.S. 466. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph 7 of the syllabus, and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, paragraph 3 of the syllabus. Nevertheless, defendants that were sentenced under unconstitutional and now void statutory provisions must be resentenced. Foster, supra, ¶¶ 103-106. Consequently, we sustain McCarroll's assignments of error, vacate his sentence, and remand this matter to the trial court for resentencing. Sentence vacated; cause remanded for resentencing.[1]
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Kilbane, J., concur.
[1] We decline to address McCarroll's ex post facto argument regarding the potential sentence that he may receive on remand because this issue is not an assigned error and was raised for the first time at oral argument.