DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant, Todd M. Hardesty, appeals from the sentence entered by the Pickaway County Common Pleas Court after a re-sentencing hearing held in connection with his plea of guilt to Sexual Battery, a felony of the third degree, in violation of R.C. 2907.03. The trial court sentenced Appellant to the maximum term of imprisonment for the offense, which is five years. Appellant asserts that the trial court imposed a non-minimum, maximum prison sentence on the basis of findings made by the trial court pursuant to an unconstitutional statutory felony sentencing scheme. Appellant also asserts that he was denied his right to a public trial when the trial court held his re-sentencing hearing in a secure room at the county jail that was completely inaccessible to the general public. Because Appellant's ex post facto argument contained in his first assignment of error is not yet ripe for review, we decline to address it. Additionally, because Appellant did not preserve any error related to his second argument, we find that he was waived any error related to his assertion that his re-sentencing hearing was not conducted in an open, public courtroom. Nevertheless, in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, we must vacate the sentence of the trial court and remand for re-sentencing.
 I. Facts {¶ 2} Todd Hardesty pleaded guilty to one count of sexual battery, a third-degree felony under R.C. 2907.03. Following a pre-sentence investigation, the trial court imposed a maximum five-year sentence during a hearing held on November 10, 2004. At this sentencing hearing,[1] the trial court stated that Mr. Hardesty had committed the worst form of the offense, but gave no reasons to support that finding.[2] On December 1, 2004, the trial court held another hearing, at which it recited various portions of the felony sentencing statutes and information from the pre-sentence investigation report. The trial court stated that it had "sentenced the defendant, Mr. Hardesty, to the maximum of five years" at the November 10th sentencing hearing, and further stated that it had "called the case today for purposes of going through the sentencing criteria to let the record reflect why the court, in fact, imposed the maximum sentence on Mr. Hardesty." (Emphasis added). Following this latter hearing, the trial court filed its journal entry of sentence and ordered that the Appellant be conveyed into the custody of the Ohio Department of Corrections.
 {¶ 3} Appellant appealed from this original entry of sentence on December 28, 2004. We vacated the original sentence of the trial court and remanded the case for re-sentencing in order that the trial court could provide its reasoning, on the record, for its imposition of the maximum sentence, in accordance with R.C.2929.19(B)(2)(d). Pursuant to our remand, the trial court held a re-sentencing hearing on December 14, 2005, in a secure room at the Pickaway County Jail, wherein it provided its reasoning for its re-imposition of the maximum sentence. Appellant now appeals from this re-sentencing, assigning the following errors for our review.
 II. Assignments of Error {¶ 4} "I. THE TRIAL COURT IMPOSED A NON-MINIMUM, MAXIMUM PRISON SENTENCE ON THE BASIS OF FINDINGS MADE BY THE TRIAL COURT PURSUANT TO AN UNCONSTITUTIONAL STATUTORY FELONY SENTENCING SCHEME.
 {¶ 5} II. TODD HARDESTY WAS DENIED HIS RIGHT TO A PUBLIC TRIAL WHEN THE TRIAL COURT HELD HIS RESENTENCING HEARING IN A SECURE ROOM AT THE COUNTY JAIL THAT WAS COMPLETELY INACCESSIBLE TO THE GENERAL PUBLIC."
 III. Legal Analysis {¶ 6} In his first assignment of error, Appellant challenges the trial court's re-imposition of a non-minimum, maximum prison sentence. In re-sentencing Appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. Appellant's re-sentencing is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster, supra. InFoster, at paragraph one of the syllabus, the Supreme Court of Ohio held that R.C. 2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 7} Further, pursuant to United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C. 2929.14(B) and (C). After severance, judicial fact-finding is not required before imposing more than the minimum sentence. Foster at paragraph two of the syllabus. Because Foster was released while this case was pending on direct review, Appellant's sentence is void. Accordingly, Appellant's sentence must be vacated and remanded for re-sentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing non-minimum, maximum, or consecutive sentences. Id. at paragraph seven of the syllabus.
 {¶ 8} Appellant, however, asserts that his sentence must be reversed and his case remanded for re-sentencing to the minimum term of imprisonment, in this case, one year. While Appellant asserts that the trial court's findings made in support of its re-imposition of the maximum sentence violate his Sixth Amendment right to a trial by jury, he also argues that "[a]s a matter of ex post facto and due process, Foster's new remedy cannot apply to persons — like Mr. Hardesty — whose crimes of conviction were committed prior to the decision in Foster."
 {¶ 9} In support of his ex post facto argument, Appellant cites Miller v. Florida (1987), 482 U.S. 423, 429,107 S.Ct. 2446, which provides that the ex post facto clause of Article 1, Section 10 of the United States Constitution prohibits, among other things, any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." (Citations omitted). Appellant further cites Bouiev. City of Columbia (1964), 378 U.S. 347, 353-356,845 S.Ct. 1697, which extended the ex post facto law to judicial decision making, in reasoning that "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, § 10, of the Constitution forbids."
 {¶ 10} Appellant essentially argues that the severance remedy decided upon by the Supreme Court of Ohio in Foster, supra, which requires this Court to vacate Appellant's sentence and remand for re-sentencing without the findings formerly required by R.C. 2929.14(B) and (C), amounts to an unconstitutional ex post fact law. However, in accordance with our prior reasoning inState v. Davis, Washington App. No. 05CA50, 2006-Ohio-3549, we decline to address this issue at this point because the issue is not properly before us and we do not issue advisory opinions. Because Appellant has yet to be re-sentenced, his ex post facto arguments are premature. This decision is in accord with the decision of other Ohio Appellate Districts which have been presented with the same issue for review. See, State v. Rady,
Lake App. No. 2006-L-012, 2006-Ohio-3434; State v. McCarroll,
Cuyahoga App. No. 86901, 2006-Ohio-3010; State v. Pitts, Allen App. No. 1-06-02, 2006-Ohio-2796; State v. Lathan, Lucas App. No. L-03-1188, 2006-Ohio-2490; State v. Sanchez, Defiance App. No. 4-054-7, 2006-Ohio-2141 (all declining to address an ex post facto issue not properly before the court).
 {¶ 11} We now turn to Appellant's second assignment of error, in which he asserts that he was denied his right to a public trial when the trial court held his re-sentencing hearing in a secure room at the county jail that was completely inaccessible to the general public. The Sixth Amendment provides that a defendant "shall enjoy the right to a speedy and public trial."State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791,842 N.E.2d 996. The Supreme Court of Ohio has "long recognized that `the right to a public trial * * * is a fundamental guarantee of both the United States and Ohio Constitutions.'" Id. at ¶ 99, citingState v. Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751,772 N.E.2d 81, at ¶ 62, quoting State v. Lane (1979), 60 Ohio St.2d 112,397 N.E.2d 1338, paragraph two of the syllabus."
 {¶ 12} However, this court has further recognized that "[w]hile the Sixth Amendment of the United States Constitution, as applicable to the states through the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution guarantees the right of a public trial, that right is not absolute." State v.Smith, Pickaway App. No. 05CA7, 2006-Ohio-1482; citing State v.Whitaker, Cuyahoga App. No. 83824, 2004-Ohio-5016, at ¶ 11, citing, e.g., Brown v. Kuhlman (C.A.2, 1998), 142 F.3d 529;Douglas v. Wainwright (C.A.11, 1984), 739 F.2d 531, cert. denied, 469 U.S. 1208, 105 S.Ct. 1170. "An accused's failure to object to the closing of the courtroom constitutes a waiver of the right to a public trial." Smith, supra, citing Whitaker,
supra, at ¶ 13; citing Peretz v. United States (1991),501 U.S. 923, 111 S.Ct. 2661; citing Levine v. United States,362 U.S. 610, 619, 80 S.Ct. 1038.
 {¶ 13} In the case sub judice, a review of the re-sentencing transcript reveals that Appellant failed to raise an objection to the location of the sentencing hearing until after sentence had been re-imposed. Because Appellant did not complain until the trial court had already re-imposed sentence, this issue has been waived. See, State v. Conway, supra, (holding failure to complain until guilt phase of trial resulted in waiver of right to public trial); citing, Crim R. 52(B); State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph one of the syllabus). Accordingly, Appellant's second assignment of error is without merit.
 {¶ 14} Although we do not reach the merits of whether or not the secure room in the Pickaway County Jail would meet the definition of an "open" courtroom, in accordance with the spirit of both the United States and Ohio Constitutions, we mention that the United States Supreme Court has "noted that the central aim of a criminal proceeding is to try the accused fairly and recognized that the public-trial guarantee allows the public to see for itself that the accused is fairly dealt with and not unjustly condemned. In addition, a public trial ensures that the judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury."Conway, supra, at ¶ 99; citing Waller v. Georgia (1984),467 U.S. 39, 104 S.Ct. 2210. Thus, the trial court should conduct any and all re-sentencing hearings with these aims in mind. However, because we do not reach the merits of Appellant's argument, we decline to comment on this issue further.
JUDGMENT VACATED AND CAUSE REMANDED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
[1] Although the record indicates that this hearing was a pre-sentence investigation hearing, the trial court actually imposed sentence during this hearing, therefore, in essence and regardless of the title of the hearing, it was a sentencing hearing.
[2] Appellee, in a previous appeal of this matter, conceded that the trial court did not state its reasons supporting its finding that Appellant had committed the worst form of the offense.