{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Deane A. Beck, Jr., defendant below and appellant herein, pled guilty to rape and violating a protection order.
 {¶ 2} Appellant assigns the following error for review and determination:
 "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE."
 {¶ 3} The Washington County Grand Jury returned an indictment charging appellant with: (1) two counts of rape, in violation of R.C.2907.02(A)(2); (2) kidnapping in violation of R.C. 2905.01(A)(4); (3) complicity to commit perjury, in violation of R.C.2921.11(A)/2923.03(A)(1); and (4) violating a protection order, in violation of R.C. 2919.27(A)(1). After a mistrial was declared in appellant's jury trial, he reached an agreement with the prosecution to plead guilty to rape and violating a protection order in exchange for the dismissal of the remaining charges.
 {¶ 4} At the November 14, 2005 hearing, the trial court reviewed the plea agreement's terms and explained to appellant his various constitutional rights. After the court was satisfied that appellant's plea was knowing and voluntary, the court accepted appellant's plea and found him guilty on both counts. After a pre-sentence investigation, the court sentenced appellant to serve five years in prison on the rape charge and six months for violating the protection order, both to be served concurrently for an aggregate term of five years. This appeal followed.
 {¶ 5} Appellant asserts in his assignment of error that the trial court imposed an unconstitutional sentence. The gist of his argument is that the trial court imposed more than a minimum prison sentence based upon R.C. 2929.14(B) factors. Appellant argues that in State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph one of the syllabus, the Ohio Supreme Court held that subsection (B) is unconstitutional, and that the case must be remanded for re-sentencing. Id. at ¶ 103-104. The prosecution agrees with this argument and so do we.
 {¶ 6} At the sentencing hearing the trial court noted that "this [was] a first prison term," but that it was "not impos[ing] the minimum sentence" because to do so would not adequately "protect the public" or "punish this offender." It appears that the court made its decision, at least in part, based upon the R.C. 2929.14(B) factors. Because that provision was later declared unconstitutional,[1] we must vacate the trial court's judgment and remand the matter for re-sentencing consistent with Foster.
 {¶ 7} Appellant further asserts that we should instruct the trial court to impose nothing greater than the statutory minimum sentence. He argues any sentence beyond the minimum violates the ex post facto clause of Article I, Section 10, of the United States Constitution and the Due Process of the Fourteenth Amendment. However, until the trial court actually imposes a sentence, that issue is not ripe for review. Thus, we will not address it at this juncture.[2]
 {¶ 8} For these reasons, appellant's assignment of error is well taken and sustained. The trial court's sentence is vacated and this case is hereby remanded for re-sentencing consistent with the Supreme Court's decision in Foster.
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the case be remanded for further proceedings and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.Concur in Judgment Opinion For the Court
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Obviously, the trial court did not have the benefit ofFoster at the time of the sentencing hearing.
[2] This issue has been raised numerous times and courts have declined to address it until a sentence is re-imposed. See e.g. State v.Hardesty, Pickaway App. No. 06CA1, 2006-Ohio-5272, at ¶ 10; State v.Chambers, Cuyahoga App. No. 87221, 2006-Ohio-4889, at ¶ 35; State v.Rady, Lake App. No. 2006-L-12, 2006-Ohio-3434, at ¶ 16; State v.McKercher, Allen App. No. 1-05-83, 2006-Ohio-1772, at ¶ 16.