DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court re-sentencing. Deane A. Beck, Jr., defendant below and appellant herein, previously pled guilty to rape and violation of a protection order. Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE ON RE-SENTENCING." *Page 2 
 {¶ 2} On May 27, 2005, the Washington County Grand Jury returned an indictment charging appellant with two counts of rape in violation of R.C. 2907.02(A)(2), kidnaping in violation of R.C. 2905.01(A)(4), complicity to commit perjury in violation of R.C.2921.11(A)/2923.03(A)(1), and violating a protection order in violation of R.C. 2919.27(A)(1). Appellant initially pled not guilty to these charges, but after a jury trial resulted in a mistrial, appellant agreed to plead guilty to rape and violating a protection order in exchange for dismissal of the remaining charges. The trial court accepted appellant's plea and found him guilty on both counts. After a pre-sentence investigation, the court sentenced appellant to serve five years in prison on the rape charge and six months for violating the protection order, both to be served concurrently for an aggregate term of five years.
 {¶ 3} On appeal, appellant claimed that his sentence violated the Sixth Amendment and the Ohio Supreme Court's ruling(s) in State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph one of the syllabus. The prosecution agreed and, after our review of the record, we did as well. We thus vacated appellant's sentence and remanded the matter for re-sentencing in light of Foster. See State v.Beck, Washington App. No. 06CA5, 2006-Ohio-6361. At the re-sentencing hearing, the trial court imposed the same sentences on appellant. This appeal followed.
 {¶ 4} Appellant's assignment of error asserts that his sentence is unconstitutional. Specifically, appellant argues *Page 3 
that, although the Ohio Supreme Court held that trial courts possess the discretion to impose any sentence within the applicable statutory range, see Foster, at paragraph seven of the syllabus, the imposition of any prison sentence beyond the statutory minimum violates the Ex Post Facto Clause of Article I, Section 10, of the Constitution and the Due Process Clause of the Fourteenth Amendment. We disagree.
 {¶ 5} We have considered these arguments on numerous occasions and have rejected them each time. See State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 6 State v. Henry, Pickaway App. No. 06CA8,2006-Ohio-6942, at ¶¶ 11-12; State v. Grimes, Washington App. No. 04CA17,2006-Ohio-6360, at ¶¶ 8-11. Other Ohio appellate courts have rejected them as well. See State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, at ¶¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673,2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16,2007-Ohio-462, at ¶¶ 21-23. The new issue that appellant raises in his brief is the possible impact of Cunningham v. California (2007), 549 U.S., 127 S.Ct. 856, 166 L.Ed.2d 856. That case involved a challenge to California's Determinate Sentencing Law (DSL) which provided for three tiers of punishment for offenses. Cunningham's offense (the continuous sexual abuse of a child under fourteen) required that he be sentenced to the middle tier of twelve years, unless the judge found one or more aggravating circumstances and Cunningham could then be sentenced to the upper tier of sixteen years. Id. at 860-861. Cunningham argued this *Page 4 
scheme violated his Sixth Amendment rights. The United States Supreme Court agreed.
 {¶ 6} We believe that Cunningham is distinguishable from the case sub judice for two reasons. First, Cunningham was decided solely on Sixth Amendment principles. The Court was not faced with a question of whether amended sentencing statutes could be applied retroactively. Nowhere in the opinion is any mention of the Ex Post Facto Clause of Article I, Section 10. Second, the California sentencing law is much different from Ohio's law post-Foster. What troubled the Cunningham court is that California's DSL permitted a judge, not a jury, to make factual findings that may warrant a greater prison sentence than the statutory minimum. Id. at 871. That is not the case here. In Foster, the Ohio Supreme Court severed the trial court judge's fact-finding role. Now, judges have broad discretion to impose any sentence within the applicable statutory range. 2006-Ohio-856, at paragraph seven of the syllabus. Moreover, theCunningham majority endorsed state sentencing schemes, like ours, that "permit judges genuinely `to exercise broad discretion within a statutory range.'" Id. at 871. This is what the Ohio Supreme Court did in Foster. Because judges are no longer required to make factual determinations when imposing sentences, we do not believe that Ohio's felony sentencing laws run afoul of the Sixth Amendment the way California's DSL did in Cunningham.
 {¶ 7} Therefore, we adhere to our prior rulings that theFoster remedy is not a violation of either the Constitution's Ex Post Facto Clause or Due Process Clause. Accordingly, we hereby *Page 5 
overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. Kline, J.: Concur in Judgment Opinion *Page 1