DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Common Pleas Court re-sentencing. A jury found Janice K. Bowers, defendant below and appellant herein, guilty of (1) complicity to rape in violation of R.C.2923.03(A)(2) R.C. 2907.02(A)(1)(b); and (2) gross sexual imposition in violation of R.C. 2907.05(A)(4). Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED BY SENTENCING JANICE K. BOWERS TO NONMINIMUM AND *Page 2 
CONSECUTIVE PRISON TERMS, IN CONTRAVENTION OF HER RIGHTS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION." {¶ 2} Appellant was previously convicted of complicity to rape and two counts of gross sexual imposition. The trial court sentenced her to serve ten years imprisonment on the complicity to rape count and four year prison terms on each of the gross sexual imposition counts, with the three sentences to be served consecutively to one another. We reversed one gross sexual imposition conviction, but affirmed the remaining two convictions. We also vacated her prison sentences pursuant to State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at the syllabus and ¶¶ 103-104, and remanded the matter for re-sentencing. See State v. Bowers, Hocking App. No. 06CA7, 2007-Ohio-3986 (BowersI).
 {¶ 3} On remand, the trial court sentenced appellant to serve eight years on the complicity to commit rape count and four years on the gross sexual imposition count, with both sentences to be served consecutively to one another. This appeal followed.
 {¶ 4} Appellant asserts in her assignment of error that sentencing her to anything beyond non-minimum and concurrent sentences is a violation of various rights under the United States Constitution. We disagree.
 {¶ 5} First, although technically dicta, we noted in Bowers I, supra at ¶ 49, that this argument had no merit. Second, now that the argument is properly before us, we note that we have reviewed it on numerous occasions and rejected it each time. See State v. Parrish, Washington App. No. 06CA52, 2007-Ohio-7169, at ¶ 14; State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12; State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other districts have also *Page 3 
rejected this argument. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; State v. Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10.
 {¶ 6} To the extent appellant argues that we should change our position in light of the United States Supreme Court ruling inCunningham v. California (2007), U.S., 127 S.Ct. 856, 166 L.Ed.2d 856, we have already considered, and rejected, the applicability of that holding. See State v. Glover, Washington App. No. 07CA17,2007-Ohio-5868, at ¶ 8; State v. Beck, Washington App. No. 07CA5,2007-Ohio-4658, at ¶ 6. We note that our colleagues in the Third Appellate District have come to the same conclusion. See State v.Land, Auglaize App. No. 2-07-20, 2007-Ohio-6963, at ¶ 11;
 {¶ 7} Finally, if the "remedy" of the Ohio Supreme Court inFoster is unconstitutional, as appellant contends in her brief, then her recourse is to pursue further review with that court. Appellate courts are bound to follow the Ohio Supreme Court directives and have no authority to pass judgment on its rulings. State v. Morris, Pickaway App. No. 06CA28, 2007-Ohio-5291, at ¶ 6; State v. Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10; State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 8} For these reasons, we hereby overrule appellant's assignment of error and hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed. The Court finds there were reasonable grounds for this appeal. *Page 4 
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Kline, J. McFarland, J.: Concur in Judgment Opinion *Page 1