{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant, Gary Williams, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 3} According to the case, appellant was indicted by the Cuyahoga County Grand Jury in a nine-count reindictment as follows: count one, possession of cocaine equal to or exceeding 100 grams; count two, drug trafficking with a schoolyard specification, in violation of R.C.2925.03; count three, drug trafficking, selling or offering to sell a controlled substance with a schoolyard specification, in violation of R.C. 2925.03; count four, possession of drugs, in violation of R.C.2925.11 with a one-year firearm specification, in violation of R.C. 2924.141; count five, drug trafficking cocaine in an amount equal to or exceeding ten grams but less than 100 grams with a firearm specification, in violation of R.C. 2941.141; count six, possession of drugs, in violation of R.C. 2925.11, with a one-year firearm specification, in violation of R.C. 2941.141; count seven, drug trafficking cocaine in an amount equal to or exceeding 100 grams but less than 500 grams with a one-year firearm specification, in violation of R.C. 2941.141, and a six-year firearm specification, in violation of R.C. 2941.141; count eight, possessing criminal tools, in violation of R.C. 2923.24; and count nine, having a weapon while under disability, in violation of R.C. 2923.13.
 {¶ 4} On January 13, 2005, appellant pled guilty to amended count three, selling or offering to sell a controlled substance, a felony of the second degree; count five, drug trafficking cocaine in an amount equal to or exceeding ten grams but less than 100 grams, with a firearm specification, a felony of the third degree; count seven, drug trafficking cocaine in an amount equal to or exceeding 100 grams but less than 500 grams, a felony of the second degree; count eight, possessing criminal tools, a felony of the fifth degree; and count nine, having a weapon under disability, a felony of the third degree.
 {¶ 5} Counts one, two, four and six were dismissed. Appellant was sentenced to an aggregate sentence of six and one-half years following his plea. The appellant filed a delayed appeal with this court on August 1, 2005, which was dismissed. State v.Williams (Aug. 30, 2005), Cuyahoga App. No. 86820. On February 14, 2006, appellant filed a motion to withdraw his guilty plea, which the trial court denied. This appeal follows.
 {¶ 6} According to the facts, appellant entered into a plea bargain in which he agreed to serve six and one-half years in lieu of a potential maximum penalty of 32 years incarceration if convicted of the charges as indicted. The prosecution and appellant agreed that appellant would plead guilty to an amended count three, an amended count five, an amended count seven, count eight and count nine, with the remaining charges dismissed. Both appellant and the state agreed that an aggregate sentence of six and one-half years be recommended to the court.[1]
 {¶ 7} At appellant's plea and sentencing, pursuant to Crim.R. 11, the court conducted a full hearing. Appellant was informed of the individual penalties he faced and the mandatory and maximum sentence that could be imposed by pleading guilty to each count, as well as the consequences of his plea.
 II. {¶ 8} First assignment of error: "Defendant was denied due process of law when the court overruled his motion to withdraw his plea where his plea was based on improper advice by court and counsel."
 {¶ 9} Second assignment of error: "Defendant was denied due process of law when the court overruled defendant's motion to vacate without an evidentiary hearing nor any response from the prosecutor."
 III. {¶ 10} Because of the substantial interrelation between appellant's two assignments of error, we shall address them together. Appellant argues in his first and second assignments of error that he was denied due process of law when the lower court ruled against him.
 {¶ 11} In the instant case, appellant argues that he mistakenly believed that he had a prior violent felony conviction. Appellant further argues that, had he known that he did not have a prior violent felony conviction, he would never have entered his plea of guilty.[2]
However, a review of the record contradicts appellant's claim.
 {¶ 12} Appellant and his attorney were well informed regarding the circumstances of this case. At appellant's plea and sentencing, pursuant to Crim.R. 11, the court conducted a full hearing. Appellant was informed of the individual penalties he faced, the mandatory and maximum sentences, and the consequences of pleading guilty to each count.
 {¶ 13} At the time of the sentencing hearing, appellant's counsel asked the court to impose the agreed upon sentence, stating the following, "I think [appellant] only has a misdemeanor in his background that constitutes his disability." (Emphasis added.)
 {¶ 14} Furthermore, appellant stated, "I have never stepped foot in these courtrooms, this place down here. This is not me. I am 36 years old. I have two speeding tickets and that's it."[3] Appellant used his lack of a criminal record to convince the trial court to impose the agreed upon sentence.
 {¶ 15} The record demonstrates appellant was aware of the consequences of his plea before he made it. The record further demonstrates appellant entered his plea knowingly, intelligently and voluntarily. Given the evidence in the record, it is doubtful appellant would have foregone making his plea and gone to trial in this case.
 {¶ 16} Appellant faced a total of nine felony counts at trial. However, appellant avoided four of the felony counts and received the benefit of his plea when he pled guilty to five counts and had four counts dismissed. Appellant faced a maximum sentence of 32 yearsincarceration if he did not plead guilty and took his chances at trial. The maximum sentence of 32 years contrasts significantly with themandatory minimum sentence of six years. Even if appellant had pled not guilty to count nine, he still would have faced a mandatory minimum ofsix years incarceration upon a finding of guilty.
 {¶ 17} Appellant argues in his second assignment of error that he was denied due process of law when the court overruled his motion to vacate without an evidentiary hearing nor any response from the prosecutor. The lower court is not obligated to hold an evidentiary hearing where the defendant has failed to show manifest injustice. A motion for withdrawal of plea need not be the subject of a formal evidentiary hearing where the motion on its face does not merit such action. Appellant presented neither new evidence nor a credible reason for withdrawing his plea. Given the evidence in the record, the trial court did not err in denying the evidentiary hearing.
 {¶ 18} Accordingly, appellant's first and second assignments of error are barred by the doctrine of res judicata and are, therefore, overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] See Tr. at 27.
[2] See appellant's Feb. 1, 2006 affidavit at ¶¶ 5 and 7.
[3] See appellee's brief.