DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Circleville Municipal Court judgment of conviction and sentence. Christopher L. Richardson, defendant below and appellant herein, pled no contest to operating a motor vehicle while under the influence of alcohol (OMVI) in violation of R.C. 4511.19(A)(1)(h), and failure to control in violation of R.C. 4511.202.
 {¶ 2} Appellant raises the following assignments of error for review and determination:
FIRST ASSIGNMENT OF ERROR:
"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT REFUSED TO ALLOW A HEARING BEFORE IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS PLEA?"
SECOND ASSIGNMENT OF ERROR:
"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT DID NOT PERMIT DEFENDANT TO WITHDRAW HIS NO CONTEST PLEAS?"
THIRD ASSIGNMENT OF ERROR:
"IS TRAFFIC RULE 10(D) CONSTITUTIONAL?"
 {¶ 3} On May 19, 2005, appellant was involved in a one-car accident. Appellant's breath test registered 0.175 of one gram of alcohol per two hundred ten liters of breath. The Pickaway County Sheriff's office charged appellant with: (1) OMVI, a misdemeanor violation of R.C. 4511.19(A)(h); (2) failure to control, a misdemeanor violation of R.C. 4511.202; and (3) improper handling of a firearm in a motor vehicle, a felony violation of R.C.2923.16.
 {¶ 4} Appellant appeared for arraignment on the morning of May 20, 2005 and entered no contest pleas to the OMVI and failure to control charges. The trial court sentenced him to 180 days jail time with 174 days suspended, ordered him to pay a $300 fine plus court costs, and ordered him to serve one year probation. The court also scheduled appellant's preliminary hearing on the felony charge.
 {¶ 5} Subsequently, the trial court rescheduled the preliminary hearing to June 9, 2005. On that date, appellant appeared with counsel and filed a motion to withdraw his no contest pleas to the OMVI and failure to control charges. In his motion, appellant set forth several reasons in support his argument: he had one hour of sleep prior to the arraignment, his neck hurt at the arraignment, the rights tape is too detailed and contains too much information, he received no explanation of his rights, that he was unaware that he was pleading to a "high tier" OMVI, and that his breath test did not occur within the statutory time limit.
 {¶ 6} The trial court overruled appellant's motion without conducting a hearing. This appeal followed.
 I. {¶ 7} In his first assignment of error, appellant contends that the trial court erred in refusing to conduct a hearing before it denied his motion to withdraw his guilty plea. In his second assignment of error, appellant contends that the trial court erred in refusing to allow him to withdraw his guilty pleas. Because these assignments of error are related, we address them together.
 {¶ 8} Crim.R. 32.1 provides:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 {¶ 9} When reviewing a trial court's judgment with respect to a motion to withdraw a guilty plea, an appellate court must use the abuse of discretion standard. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715; State v. Lambros (1988),44 Ohio App.3d 102, 541 N.E.2d 632; State v. Posta (1987),37 Ohio App.3d 144, 524 N.E.2d 920; State v. Peterseim (1980),68 Ohio App.2d 211, 428 N.E.2d 863. We note that the term "abuse of discretion" connotes more than error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Xie; State v. Montgomery (1991),61 Ohio St.3d 410, 575 N.E.2d 167; State v. Moreland (1990),50 Ohio St.3d 58, 552 N.Ed.2d 894. When applying the abuse of discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 556 N.E.2d 1181, citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.
 {¶ 10} Crim.R. 32 permits a post-sentence motion to withdraw a guilty plea only to correct manifest injustice. The defendant has the burden to establish a manifest injustice. State v.Legree (1988), 61 Ohio App.3d 568, 573 N.E.2d 687. The Ohio Supreme Court defined manifest injustice as a clear or openly unjust act. See State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208, 699 N.E.2d 83. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases, and the decision is left to the sound discretion of the trial court. Id., citing State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324. Therefore, a trial court should not grant a post-sentence motion to withdraw a guilty plea unless a defendant establishes that a manifest injustice will result if the plea stands. Xie, supra, at 526, 584 N.E.2d 715; Smith, supra at paragraph one of the syllabus.
 {¶ 11} When considering whether a manifest injustice has occurred, a trial court may assess the credibility of the movant's assertions. Smith, supra, at 264, 361 N.E.2d 1324. Furthermore, an evidentiary hearing is not always required in order to do so. State v. Boyd, Montgomery App. No. 18873, 2002-Ohio-1189. A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court grant the motion to withdraw the guilty plea. State v. Blatnick
(1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016; State v.Yost, Meigs App. No. 03CA13, 2004-Ohio-4687, at ¶ 8.
 {¶ 12} In the case sub judice appellant contends that the trial court erred by not holding a hearing to consider appellant's motion to withdraw a guilty plea. Appellant citesState v. Shipley (Dec. 22, 1994), Pickaway App. No. 94CA2, in support. We note, however, that Shipley involved a pre-sentence motion to withdraw a guilty plea, and therefore is inapposite. Here, appellant filed his motion to withdraw his guilty plea after sentencing. Thus, a hearing is not necessary if the facts alleged in the motion to withdraw the guilty plea would not require the court to grant the motion. Blatnick at 204,478 N.E.2d 1016, Yost at ¶ 8.
 {¶ 13} Appellant alleged in his motion to withdraw his plea that he was tired and his neck hurt at the time he entered his plea. He also alleged that the rights tape is confusing, that the judge did not explain his rights, and that he was not aware that he was pleading to a "high tier" OMVI offense. We agree with the trial court's conclusion that appellant's motion failed to establish that allowing his plea to stand would constitute a clear or openly unjust result. Although appellant alleges that he was fatigued and in pain at the hearing, he does not contend that he was incompetent. Appellant alleges that he was not aware of the offense he was pleading to, but the transcript reflects that the court notified him of the specific offense and potential sentence. Finally, appellant asserts that the court failed to explain his rights. Appellant did not, however, specifically assert the particular rights that court failed to address and how the court erred in this regard, or acknowledge that the court was not required to do so pursuant to Traf.R. 10(D). See State v.Watkins, 99 Ohio St.3d 12, 788 N.E.2d 635, 2003-Ohio-2419, at ¶28. Thus, we conclude that appellant failed to allege facts that establish a manifest injustice and require the trial court to grant his motion to withdraw his guilty plea. Consequently, we also conclude that the trial court did not err in refusing to hold a hearing on appellant's motion to withdraw his plea. Because we can not find that the trial court abused its discretion in determining that appellant failed to meet his burden to establish a manifest injustice, we find that the trial court did not err in denying appellant's post-sentence motion to withdraw his plea.
 {¶ 14} Accordingly, based upon the foregoing reasons we overrule appellant's first and second assignments of error.
 II. {¶ 15} In his third assignment of error, appellant asserts that Traf.R. 10(D), as interpreted by the Ohio Supreme Court inWatkins, supra, is unconstitutional. Specifically, in 2003 the Ohio Supreme Court held in Watkins at 99 Ohio St.3d 17,788 N.E.2d 639 at paragraph 28:
"In felony cases, the Ohio and United States Constitutions require that a defendant entering a guilty plea be `informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses on his behalf.' State v.Ballard (1981), 66 Ohio St.2d 473, 478, 20 O.O.3d 397,423 N.E.2d 115. Crim.R. 11(C) sets forth how a judge should explain those rights to a defendant. However, there are no such constitutionally mandated informational requirements for defendants charged with misdemeanors. The protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses. Accordingly, we find that where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R.10(D) by informing the defendant of the information contained in Traf.R 10(B)."
 {¶ 16} Appellant contends that Watkins violates due process rights by creating an artificial class of "petty offenses" and dictating that federal constitutional rights do not apply to such offenses. We acknowledge that appellant raises a valid and important issue that could merit additional scrutiny. As an intermediate appellate court, however, we are bound to follow Ohio Supreme Court decisions. Therefore, we cannot find that Traf.R. 10(D), as interpreted by Watkins, is unconstitutional. Accordingly, we overrule appellant's third assignment of error.
 {¶ 17} Based upon the foregoing reasons, we hereby overrule each of appellant's assignments of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion.