DECISION AND JUDGMENT ENTRY
{¶ 1} David E. Fairrow appeals the Ross County Common Pleas Court's denial of his pre-sentence motion to withdraw his guilty plea. Fairrow contends that the trial court abused its discretion when it denied his motion to withdraw his guilty plea because the plea was intertwined with his plea in another case. Additionally, Fairrow contends that the trial court abused its discretion in overruling his motion to withdraw his plea when no prejudice would have resulted to the state. Because Fairrow entered his guilty plea knowingly, intelligently, and voluntarily; because the trial court conducted a full and fair hearing on Fairrow's motion; and because Fairrow did not allege facts that would demonstrate that he had a complete defense or was not guilty of the offense charged, we disagree. Fairrow also contends that he did not receive effective assistance of counsel at his change of plea hearing. Because Fairrow has not presented any evidence to rebut the presumption that his counsel's performance fell within the wide range of reasonable professional assistance, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Ross County Grand Jury indicted Fairrow on a charge of possession of crack cocaine, in violation of R.C. 2925.11, after police found crack cocaine and a crack pipe in his right front pocket during a search incident to his arrest for operating a motor vehicle while intoxicated. Under a separate indictment, charges were already pending against Fairrow for misuse of a credit card and receiving stolen property.
 {¶ 3} On the day Fairrow was scheduled for trial in the misuse of a credit card and receiving stolen property case, Fairrow appeared before the court to enter a plea of guilty to the possession of cocaine, misuse of a credit card, and receiving stolen property charges. Fairrow informed the court of his understanding that the trial court would likely sentence him to twelve months on each of the three felonies and order that he serve the sentences concurrently. Additionally, Fairrow acknowledged his understanding that the judge could sentence him to a greater prison term. The court informed Fairrow that it generally permits a defendant to withdraw his plea if, based on the presentence investigation report, the court is unable to adhere to the defendant's expected sentence.
 {¶ 4} The court fully complied with the requirements of Crim.R. 11, engaged Fairrow in a colloquy, and found that Fairrow knowingly, voluntarily, and intelligently entered guilty pleas to possession of cocaine, misuse of a credit card, and receiving stolen property. On the date scheduled for disposition, Fairrow moved for leave to withdraw the three guilty pleas that he entered. The court set the matter for a hearing and ordered Fairrow to file a written motion.
 {¶ 5} At the start of the hearing on the motion to withdraw the guilty pleas, Fairrow's counsel informed the court that he had just learned of a potential conflict between Fairrow and another one of his clients. Specifically, Fairrow claimed that another individual was willing to testify and admit that he or she, not Fairrow, committed the acts leading to the misuse of a credit card and receiving stolen property charges. Fairrow's counsel informed the court that he was also counsel for this unnamed individual, and that he would withdraw from representation of Fairrow if Fairrow wished to pursue such a defense.
 {¶ 6} Fairrow's counsel then proceeded to represent Fairrow on the motion to withdraw his guilty pleas. Fairrow claimed generally that he felt pressured to take the plea bargain, and that he had changed his mind. Additionally, Fairrow argued that the trial court should grant his request to withdraw his guilty pleas because there are genuine issues as to his guilt. Specifically, with regard to the possession charge, Fairrow stated that he believed the prosecution would not be able to prove possession of a controlled substance beyond a reasonable doubt. With regard to the misuse of a credit card and receiving stolen property charges, Fairrow argued that another individual was willing to admit responsibility for the crimes under oath.
 {¶ 7} The trial court inquired as to the substance of the state's case against Fairrow on the possession charge, and learned that law enforcement officers found crack cocaine and a crack pipe in his right front jacket pocket during a search incident to arrest for OMVI. Additionally, the state informed the court that Fairrow made certain statements to the arresting officer implying his possession of the cocaine. Fairrow did not offer any indication of how he would attempt to establish a defense to the charge or create doubt as to whether he was guilty of the charge.
 {¶ 8} The trial court found that Fairrow offered a reasonable and legitimate basis for withdrawing his plea in the misuse of a credit card and receiving stolen property case. However, the court found that Fairrow had not established a reasonable and legitimate basis for withdrawing his plea to the possession charge. Therefore, the trial court granted Fairrow's motion on the credit card and stolen property charges, but denied his motion on the possession charge. The court proceeded to sentence Fairrow to eleven months imprisonment and suspended his driver's license for five years.
 {¶ 9} Fairrow appeals, asserting the following assignments of error: "I. The trial court abused its discretion in overruling appellant's motion to withdraw his guilty plea when the original plea agreement involved another case that resulted in a conflict of interest for defense counsel. II. The trial court abused its discretion in overruling appellant's motion to withdraw his guilty plea when no prejudice would have resulted to the state nor would the withdrawal burden judicial resources. III. The trial court failed to comply with the Fourteenth andSixth Amendment of the United States Constitution and provisions of Article 1, Section 10 of the Ohio Constitution when it failed to provide appellant with effective assistance of counsel at the hearing upon his motion to withdraw his guilty plea."
 II. {¶ 10} In his first two assignments of error, Fairrow contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea. It is within the sound discretion of the trial court to grant or deny a motion to withdraw a guilty plea. State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. We will not reverse a trial court's decision to deny a motion to withdraw a guilty plea absent an abuse of discretion. Id. at 527, citing State v.Adams (1980), 62 Ohio St.2d 151, 157. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135,137-138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
 {¶ 11} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has ruled that a trial court should "freely and liberally grant" a presentence motion to withdraw a guilty plea. Xie at 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. (Emphasis added.)
 {¶ 12} In reviewing whether the trial court abused its discretion, we consider the following factors: "(1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; and (4) whether the trial court gave full and fair consideration to the motion." State v. McNeil (2001),146 Ohio App.3d 173, 176, citing State v. Peterseim (1980),68 Ohio App.2d 211, 214. In addition, the following factors may influence our analysis: "(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges." McNeil, citing State v. Fish (1995),104 Ohio App.3d 236, 240. A change of heart or mistaken belief about a guilty plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea. State v. Lambros
(1988), 44 Ohio App.3d 102, 103.
 {¶ 13} In his first assignment of error, Fairrow contends that the trial court abused its discretion in overruling his motion to withdraw his guilty plea when the original plea agreement involved another case that resulted in a conflict of interest for defense counsel. And in his second assignment of error, Fairrow contends that the trial court abused its discretion in overruling his motion because the withdrawal would not have prejudiced the state or caused a burden on judicial resources.
 {¶ 14} When we apply the factors outlined in McNeil andFish, we cannot conclude that the trial court abused its discretion by overruling Fairrow's motion. First, we note that Fairrow was represented by highly competent counsel when he entered his plea. Before the trial court accepted Fairrow's guilty plea, Fairrow affirmed that he had discussed all of the elements of his offenses and any defenses he had to the offenses with his counsel. Fairrow also affirmed that he was satisfied with counsel's representation. Additionally, at the time counsel advised Fairrow on the plea deal, counsel was unaware of any potential conflict of interest between Fairrow and another one of his clients.
 {¶ 15} Second, we find that the trial court provided Fairrow with a full hearing, which complied with Crim.R. 11, before accepting his plea. Fairrow indicated on the record that he understood the nature of the charges against him and the possible penalties. Additionally, we find that the trial court held a full hearing on the motion to withdraw the plea, and that the trial court gave full and fair consideration to the motion. In particular, the trial court considered whether Fairrow was perhaps not guilty or had a complete defense to the charges. The court considered Fairrow's assertion that another individual is guilty of the credit card and stolen property charges, and agreed to allow Fairrow to withdraw his plea on the ground that he may have a complete defense to those charges.
 {¶ 16} Likewise, the court considered Fairrow's assertion that the state could not prove his possession of the cocaine. However, the court found no reasonable and legitimate basis to allow withdrawal of the plea on that charge. This finding is supported by the fact the state was prepared to present overwhelming evidence of Fairrow's guilt. Specifically, police found crack cocaine and a crack pipe in the right front pocket of the jacket Fairrow was wearing when they arrested him for OMVI, and Fairrow made a statement implying his guilt to the arresting officer. Fairrow did not explain how he would attempt to show that he had a complete defense to the possession charge, and did not even argue that he was, in fact, not guilty of possession. Instead, Fairrow merely made the general assertion that the state would be unable to prove its case. We cannot say that the trial court abused its discretion in determining that this does not constitute a reasonable and legitimate basis for withdrawal of a plea.
 {¶ 17} The fact that Fairrow expected to resolve all three pending felony charges against him when he entered his plea does not render the trial court's decision an abuse of discretion. We agree the circumstances surrounding Fairrow's plea deal changed significantly when the court determined that Fairrow could withdraw his guilty pleas to the credit card and stolen property charges but not the possession charge. While the trial court could have found that this change in circumstances created a reasonable and legitimate basis for withdrawing a plea, we cannot say that declining to so find was arbitrary, unreasonable, or unconscionable. The change in circumstances was of Fairrow's own creation — he made the choice to abandon the plea agreement and seek to withdraw his pleas. Thus, Fairrow cannot now complain that the result of the plea deal differed from his initial expectations.
 {¶ 18} Additionally, we cannot say that the trial court abused its discretion despite the fact that allowing Fairrow to withdraw his plea would not cause prejudice to the state or be a burden on judicial resources. While these are important factors in determining whether to allow a presentence motion to withdraw a guilty plea, they are not dispositive factors. State v.Littlefield, Ross App. No. 03CA2747, 2004-Ohio-5996, at ¶ 12. Where, as here, the defendant receives a full hearing at the time he enters his plea, understands the possible consequences of his plea, and makes no attempt to show that he has an affirmative defense or is not guilty of the crime, the trial court does not abuse its discretion in finding that the defendant does not have a reasonable and legitimate basis for withdrawing his plea.
 {¶ 19} Accordingly, we overrule Fairrow's first and second assignments of error.
 III. {¶ 20} In his third assignment of error, Fairrow contends that he did not receive effective assistance of counsel at the hearing on his motion to withdraw his guilty plea. In State v.Ballew (1996), 76 Ohio St. 3d 244, 255, the Ohio Supreme Court stated the following: "Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment"; and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 21} As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v. Hasting (1983),461 U.S. 499, 508-509.
 {¶ 22} Fairrow contends that his counsel did not provide him with reasonable professional assistance during the hearing on his motion to withdraw his guilty plea. Fairrow contends that, but for his counsel's errors, a reasonable probability exists that he would have demonstrated to the trial court that he had a reasonable and legitimate basis to withdraw his plea. Specifically, Fairrow points out that his counsel offered only unsupported factual statements in support of his motion, and argues that this demonstrates his counsel's ineffectiveness. Additionally, Fairrow argues that counsel's conflict on the unrelated charges somehow constrained counsel from delivering an effective argument on his motion to withdraw in this case.
 {¶ 23} We agree that Fairrow's counsel offered only an unsupported allegation that the state would be unable to prove Fairrow's possession of the cocaine when arguing in support of Fairrow's motion to withdraw his guilty plea. However, Fairrow has not presented affidavits or arguments to this court indicating that any facts exist which supported his allegation that he did not possess the cocaine. Thus, the record still contains nothing more than the bald allegation that the state will not be able to prove Fairrow's possession of the cocaine. In the absence of some evidence to the contrary, such as an affidavit alleging that Fairrow's trial counsel was aware of and declined to present some fact that supports Fairrow's claim of non-possession, we presume that Fairrow's counsel's performance fell within the wide range of reasonable professional assistance. Accordingly, we overrule Fairrow's third assignment of error.
 {¶ 24} Having overruled each of Fairrow's three assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.