OPINION
{¶ 1} In these consolidated appeals, defendant-appellant, Kennedy Wheeler, appeals from the judgments of the Franklin County Court of Common Pleas, denying his motions to withdraw guilty pleas entered in two cases.
 {¶ 2} On January 24, 2003, appellant was indicted in case No. 03CR01-403, on one count of burglary, one count of theft, three counts of receiving stolen property, one count of aggravated burglary, one count of aggravated robbery, one count of kidnapping, four counts of rape, one count of gross sexual imposition, and two counts of having a *Page 2 
weapon while under disability. On February 20, 2003, in case No. 03CR02-1023, appellant was indicted on one count of aggravated burglary, one count of kidnapping, one count of aggravated robbery, and three counts of rape.
 {¶ 3} On July 16, 2003, the trial court conducted a plea hearing regarding both cases. At the hearing, appellant entered a guilty plea in case No. 03CR01-403 to one count of burglary, one count of aggravated burglary, one count of rape, and one count of receiving stolen property. In case No. 03CR02-1023, appellant entered a guilty plea to one count of aggravated burglary and one count of rape. The trial court subsequently filed entries sentencing appellant in those cases.
 {¶ 4} Appellant filed notices of appeal from both judgments of sentence, and the appeals were consolidated for review. By decision rendered September 16, 2004, this court affirmed appellant's convictions and sentences. State v. Wheeler, Franklin App. No. 03AP-832,2004-Ohio-4891 ("Wheeler I").
 {¶ 5} Appellant subsequently filed an application to reopen his appeal pursuant to App.R. 26(B). By memorandum decision filed March 10, 2005, this court denied appellant's application. State v. Wheeler (Mar. 10, 2005), Franklin App. No. 03AP-832, (Memorandum Decision) ("WheelerII").
 {¶ 6} On March 31, 2004, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. On May 5, 2004, the state filed a motion to dismiss. By decision filed November 9, 2004, the trial court found that appellant had failed to set forth sufficient operative facts to establish substantive grounds for relief, and the court therefore granted the state's motion to dismiss the petition. *Page 3 
 {¶ 7} On September 23, 2004, appellant filed motions to withdraw his guilty pleas in both cases. The state subsequently filed responses to appellant's motions to withdraw. By entries filed October 13, 2006, the trial court denied appellant's motions to withdraw his guilty pleas.
 {¶ 8} On appeal, appellant, pro se, sets forth the following assignments of error for review:
 1. Did Trial Court err in denying the appellant motion to withdraw plea or an evidentiary hearing pursuant to crim.r 32.1 manifest miscarriage of injustice base on misconduct by the prosecution and having ineffective assistance of counsel for giving and affriming [sic] false and misleading statement of facts, denying the appellant constitutional due process right to an fair trial?
 2. Ineffective Assistance Of Counsel:
 a. Did Trial Counsel affirm false statements given by the prosecution and violated the appellant constitutional due process rights?
 b. Did Trial Counsel violate the Appellant six amendment right to have effective assistance for his defense?
 c. Was Appellant due process rights violated?
 3. Prosecutor Misconduct:
 a. Did the Prosecution give false and misleading facts to the trial court?
 b. Did the Prosecution violate the Appellant constitutional due process rights to be sentence on accurate information?
 c. Did the Prosecution denied the Appellant due process rights to an fair trial, by giving false and misleading facts to the trial court?
 4. Did Trial Court fail to inquired and determine-if the Appellant was entering his guilty plea voluntarily?, which is required by Crim.R.11(2a). *Page 4 
 {¶ 9} Appellant's assignments of error are interrelated and will be considered together. Under his first and fourth assignments of error, appellant contends that the trial court erred in denying his motions to withdraw his guilty pleas, asserting that his pleas were not voluntary and that they were tainted because of ineffective assistance of counsel and prosecutorial misconduct. Under his second and third assignments of error, appellant reiterates claims of ineffective assistance of counsel and prosecutorial misconduct.
 {¶ 10} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. While the term "manifest injustice" has been "variously defined, * * * it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." Id., at 264. Further, "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id., paragraph two of the syllabus.
 {¶ 11} The issue whether appellant's guilty pleas were knowingly and voluntarily entered into has previously been decided by this court in appellant's direct appeal of his convictions. Specifically, inWheeler I, at ¶ 8-9, this court held in relevant part: *Page 5 
 The transcript of the plea hearing in the present case simply reveals full and thorough compliance with the dictates of Crim.R. 11 and attendant case law in the colloquy between the court and appellant. The prosecutor outlined the plea bargain, detailed the offenses with which appellant was charged and those he would plead guilty to, and the potential sentences for each offense as detailed on the plea forms signed by appellant. The court also explained the charges against appellant and set forth the 30-year aggregate sentence jointly recommended by defense counsel and the prosecution. While the court did not fully develop each element of all the charges to which appellant would plead guilty, the court asked appellant if he needed the charges explained to him, and appellant indicated that he understood, did not require the court to explain the charges, and that he had thoroughly discussed the charges with his attorney. The court set forth at length the constitutional rights he was foregoing by entering his pleas, asking appellant at each phase whether appellant understood the rights he was giving [up] and the potential sentence to be imposed. Trial counsel for appellant stated on the record that appellant was normally and intelligently involved in his defense.
 The totality of the circumstances reflected in the transcript fully indicate that appellant's plea was made knowingly, intelligently and voluntarily, and in compliance with all procedural safeguards of his constitutional rights. * * *
 {¶ 12} Accordingly, this court's prior determination that appellant's pleas were knowing and voluntary, and in compliance with Crim.R. 11, remains the law of the case for purposes of this appeal. State v.Ikharo, Franklin App. No. 05AP-167, 2005-Ohio-6616, at ¶ 9. Further, in appellant's petition to vacate or set aside his sentences, appellant raised claims of ineffective assistance of trial counsel and prosecutorial misconduct. In its decision and entry rendered November 9, 2004, the trial court addressed and rejected appellant's claims of ineffective assistance of counsel and prosecutorial misconduct as pertaining to appellant's entry of his guilty pleas. Appellant did not appeal the trial court's denial of his petition to vacate or set aside his sentences, and, thus, the trial court's *Page 6 
determination as to those claims similarly remains the law of the case. See State Farm Fire Cas. Co. v. Ohio Dept. of Transp. (Mar. 6, 2001), Franklin App. No. 00AP-768 (because defendant had opportunity to cross-appeal denial of summary judgment and denial of motion to dismiss, those unchallenged rulings became the law of the case); Field v.Mans (C.A.1, 1998), 157 F.3d 35, 40 (law of the case doctrine "prevents a litigant from resurrecting an issue that has already been decided by a lower court and that has gone unchallenged on appeal").
 {¶ 13} Finally, even assuming some of the issues raised by appellant are properly before this court for consideration, based upon our review of the record, including the allegations set forth in the motions, we agree with the trial court's determination that appellant failed to demonstrate manifest injustice necessary for a post-sentencing plea withdrawal. Further, a trial court is not obligated to hold an evidentiary hearing where a defendant has failed to set forth facts that would show manifest injustice. State v. Williams, Cuyahoga App. No. 87963, 2007-Ohio-630, at ¶ 17. Thus, the trial court did not err in failing to grant a hearing, nor did it abuse its discretion in denying appellant's motions to withdraw his pleas.
 {¶ 14} Based upon the foregoing, appellant's four assignments of error are without merit and are overruled, and the judgments of the Franklin County Court of Common Pleas are hereby affirmed.
Judgments affirmed.
 BRYANT and McGRATH, JJ., concur. *Page 1