DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Circleville Municipal Court judgment of conviction and sentence. Leah J. Haught, defendant below and appellant herein, pled no contest to violating a protection order in violation of R.C. 2919.27. Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HER PLEA OF `NO CONTEST'?"
 SECOND ASSIGNMENT OF ERROR:
 "DID THE TRIAL COURT CONTRARY TO LAW FIND DEFENDANT GUILTY?" *Page 2 
 {¶ 2} Appellant met Jonathan Elick over the internet and the two began dating. On July 1, 2005, appellant left her Portage County home and moved in with Elick at a home in Pickaway County owned by Elick's parents. The wedding date was postponed when appellant's father fell ill. Sometime thereafter, Elick began to date other women and this upset appellant. Appellant confronted Elick and his paramour, and the ensuing fracas prompted Elick to evict appellant.
 {¶ 3} On August 29, 2006, the Circleville Municipal Court issued a temporary protection order (TPO) and ordered appellant to stay at least one hundred fifty (150) feet from Elick. The TPO was served on appellant by 2:00 PM that day. At 4:40 PM, Circleville Police Officer Phillipp Roar was dispatched to the Elick residence after someone observed appellant leave a half-eaten pizza and a maternity brochure at the door. Officer Roar passed appellant on the way to the house, followed her to Berger Hospital and arrested her.[1]
 {¶ 4} The August 30, 2006 criminal complaint alleged that appellant violated the TPO. Appellant pled no contest to the charge and the trial court sentenced her to serve one hundred eighty days in jail.[2] *Page 3 
 {¶ 5} On October 2, 2006, appellant filed a motion to withdraw her prior no contest plea. After the hearing, the trial court overruled appellant's motion from the bench. A handwritten notation appeared at the bottom of the motion and appellant took the instant appeal. On December 20, 2006, we alerted the parties that a handwritten notation does not constitute a formal judgment and, thus, was neither final nor appealable. See State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335,337, 686 N.E.2d 267. On December 29, 2006, the trial court issued its judgment entry and the case is now properly before us.
 I {¶ 6} At the outset, we note that this case is not an appeal from the judgment of conviction and sentence; rather, this matter involves the trial court's decision to overrule appellant's post-sentence motion to withdraw her plea. Generally, a decision to grant or to deny such a motion lies in a trial court's sound discretion and that judgment will not be reversed absent an abuse of that discretion. State v.Francis, 104 Ohio St.3d 490, 820 N.E.2d 325, at ¶ 32; State v. Xie
(1992), 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus. It is further well-settled that an abuse of discretion is more than an error of law or judgment; rather, an abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. See State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331;State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894. In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *Page 4 
See State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991). 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181.
 {¶ 7} Indeed, to establish an abuse of discretion, the result must be so palpably and grossly violative of both fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but the defiance of judgment, and not the exercise of reason but, instead, passion or bias. See Vaught v. Cleveland ClinicFound., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003-Ohio-2181, ¶ 13;Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1. With this standard in mind, we turn our attention to appellant's assignments of error.
 II {¶ 8} We consider appellant's assignments of error together because they raise the same issue concerning the trial court's denial of her post-sentence motion to withdraw her no contest plea. Appellant asserts that a torrent of injustices were showered upon her as a result of the trial court proceedings. Having reviewed the record, however, we find nothing to suggest that the trial court's denial of appellant's motion constitutes an abuse of discretion.
 {¶ 9} To begin, Crim.R. 32.1 provides:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." (Emphasis added.) *Page 5 
In other words, Crim.R. 32.1 allows a post-sentence motion to withdraw a plea only to correct a manifest injustice. State v. Bell, Cuyahoga App. No. 87727, 2007-Ohio-3276, at ¶ 10; State v. Fairrow, Ross App. No. 05CA2856, 2006-Ohio-503, at ¶ 11. State v. Richardson, Pickaway App. No. 05CA29, 2006-Ohio-386, at ¶ 10.
The withdrawal of pleas occurs only in "extraordinary cases." SeeState v. Smith, Pickaway App. No. 05CA7, 2006-Ohio-1482, at ¶ 23;State v. Allison, Pickaway App. No. 06CA9, 2007-Ohio-789, at ¶ 7.
 {¶ 10} The Ohio Supreme Court defined "manifest injustice" as a clear or openly unjust act. See State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208, 699 N.E.2d 83; also see State v. Young (May 4, 2004), Adams App. No. 03CA782. Moreover, the onus is on the defendant who seeks to withdraw a plea to establish the existence of the clear or openly unjust act. State v. Wheeler, Franklin App. Nos. 06AP-1156 
06AP-1159, 2007-Ohio-3226, at ¶ 10; State v. Farley, Lawrence App. No. 02CA32, 2003-Ohio-7338, at ¶ 11. In the case sub judice, we do not believe that appellant has carried her burden.
 {¶ 11} Appellant argues that in pleading no contest, she was denied her right of allocution, was not informed of her right to counsel, did not waive her right to counsel and that the trial court failed to comply with Crim.R. 11(E). We disagree. Our review of the transcript reveals that: (1) the trial court informed appellant of the potential sentence(s) for a R.C. 2919.27 violation; and (2) the court provided appellant an opportunity to explain her position and to contest the facts *Page 6 
Officer Roar included in the criminal complaint. Also, appellant agreed with the trial court that she is bright and articulate, makes bad decisions in her personal life, conceded that her parents are unhappy with her behavior, and that she plans to leave the area to "move on" with her life.[3]
 {¶ 12} With respect to appellant's right to counsel, we note that appellant signed two separate documents that indicated that she understood her rights. The first document (Acknowledgment of Rights) stated, inter alia, "You have a right to hire an attorney of your choice OR you have the right to have an attorney assigned without cost if you are unable to employ one[.]" In the second document (Voluntary Plea of Guilty or No Contest) appellant again acknowledged that she has the right "[t]o have a lawyer represent me" and that she "waived" that and other rights. These documents are plainly worded and a layperson can understand them. We note that appellant has two college degrees.
 {¶ 13} With respect to appellant's claim that the trial court failed to comply with Crim.R. 11, subsection (E) provides, "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of . . . no contest . . . " Specifically, a court must advise a defendant that a no contest plea is not an admission of *Page 7 
guilt, but is an admission of the truth of the facts alleged in the complaint and that the plea cannot be used in subsequent civil or criminal proceedings. Id. at (B)(2). In the "Voluntary Plea of Guilty or No Contest" form, appellant acknowledged that she understood that she admitted to the facts in the complaint. We concede, however, that neither form precisely explains the difference between a guilty plea and a no contest plea, nor did the transcript indicate that the trial court informed appellant that such plea could not be used against her in a subsequent civil or criminal proceedings. Thus, to this extent, we agree that the trial court failed to fully comply with Crim.R. 11. However, as the Assistant Law Director aptly notes, strict compliance with Crim.R. 11 is not required. Rather, "substantial compliance" is required.State v. Singleton, 169 Ohio App.3d 585, 863 N.E.2d 1114,2006-Ohio-6314, at ¶ 69; Euclid v. Muller (1999), 134 Ohio App.3d 737,744, 732 N.E.2d 410. After our review of the record, we believe that the trial court substantially and adequately complied with Crim.R. 11.
 {¶ 14} Once again, the precise question is whether appellant will be subject to a "manifest injustice" if not permitted to withdraw her plea. We find nothing in the record to suggest that the trial court's failure to fully inform appellant about the effect of her no contest plea prejudiced her.
 {¶ 15} Appellant further contends that "manifest injustice" has occurred because insufficient facts support her conviction. We disagree. The August 29, 2006 TPO ordered appellant to stay at least 150 feet from Jonathan Elick and not to enter his *Page 8 
residence, stalk or harass him. The criminal complaint alleged that appellant received the TPO at 2:00 PM. Approximately two hours later, she chose to visit Elick's home. A neighbor reported seeing appellant there "nude," in a car, and "changing clothes." Appellant admitted to these facts when she entered her no contest plea. Appellant drove to Elick's home "hoping to catch him" before he left for the gym. Nothing appears in appellant's testimony to bolster her claim that she suffered a manifest injustice. Appellant conceded that she received the TPO, but nevertheless visited Elick's home. She claimed that she did so to retrieve personal belongings, but, the TPO provides that appellant's personal property could be retrieved only in the presence of law enforcement officers. Appellant also stated that Elick sold drugs (steroids) and abused her, but neither claim involves the issue of whether she violated the TPO or whether she will suffer a manifest injustice if her no contest plea is permitted to stand. Interestingly, appellant stated several times during the hearing that she was not sure if the TPO was "valid," which suggests that she was somehow excused from compliance with its terms. If appellant believed the TPO may have been invalid, however, her remedy was to request the trial court to vacate the order, not to simply ignore the court's directive. Court orders must be obeyed. See Holm v. Smilowitz ((1992), 83 Ohio App.3d 757, 779,615 N.E.2d 1047; Shafer v. Shafer (Dec. 1, 1993), Washington App. No. 93CA16.
 {¶ 16} Additionally, when a trial court considers a post-sentence motion to withdraw guilty plea, the court must assess *Page 9 
the credibility of the movant's assertions. See Richardson, supra at ¶ 11; State v. Yost, Meigs App. No. 03CA13, 2004-Ohio-4687, at ¶ 8.[4]
An undue delay between the occurrence of the alleged cause for withdraw and the filing of the motion is a factor that adversely affects a movant's credibility. See Yost, at ¶ 8. State v. Zinn, Jackson App. No. 04CA1, 2005-Ohio-525, at ¶ 15. Although the month between appellant's conviction in the case at bar and the filing of her motion to withdraw guilty plea is not excessive, the trial court may have also questioned why appellant did not file her motion sooner if the alleged injustices were so "manifest" and "obvious."
 {¶ 17} For these reasons, appellant has not persuaded us that a manifest injustice will exist if her no contest plea is permitted to stand. Consequently, appellant cannot establish that the trial court's denial of her motion to withdraw her plea constitutes abuse of discretion.
 {¶ 18} Accordingly, having reviewed the assignments of error, and finding merit in neither, we hereby overrule appellant's assignments of error and affirm the trial court s judgment.[5]
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J., Abele, J. Kline, J.: Concur in Judgment Opinion
[1] Appellant claimed that she injured her hand at the residence and was going to the hospital for treatment.
[2] A "Warrant to Discharge Prisoner" contained in the record reveals that appellant was released from jail on September 1, 2006.
[3] The trial court was obviously concerned about appellant and her well-being. The judge addressed appellant by her first name and indicated that he contacted the county jail the night before the hearing to ensure that she was "okay." The court also explained to appellant that "everybody in the north end of Circleville [was] calling about [her]" behavior.
[4] In the few days prior to her arrest in this case, appellant was arrested for domestic violence, criminal damaging and aggravated menacing all stemming from various encounters with either Elick or his current girlfriend(s).
[5] Appellant raises a variety of constitutional arguments including claims that her Equal Protection and Double Jeopardy rights have been violated. We do not address them because constitutional claims should not be reviewed for the first time on appeal. See e.g. Logan v.McKinney (Aug. 23, 1996), Hocking App. No. 95CA12; State v.Shepherd (Nov. 2, 1995), Scioto App. No. 94CA2322. *Page 1