[Cite as *State v. Butcher* , 2010-Ohio-4877.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 : Case No.  09CA31
                                        :
    vs.                                 : **Released: October 4, 2010**
                                        :
MARK A. BUTCHER,                        : <u>DECISION AND JUDGMENT</u>
                                        : <u>ENTRY</u>
    Defendant-Appellant.                :
_____
<u>APPEARANCES:</u>

John A. Bay, Bay Law Office, Columbus, Ohio, for Appellant.

Patrick J. Lang, Athens City Law Director, and Lisa A. Eliason, Chief
Athens City Prosecutor, Athens, Ohio, for Appellee.
_____

McFarland, P.J.:

{¶1} Appellant appeals the Athens Municipal Court's denial of his
motion to withdraw his plea of guilt to domestic violence, a first degree
misdemeanor in violation of R.C. 2919.25(A).  On appeal, Appellant raises a
single assignment of error, contending that the trial court erred when it
denied his motion to withdraw his guilty plea because he entered it
unintelligently when the trial court failed to advise him that domestic
violence is a precursor offense and that, if convicted of the offense, future
violations of the domestic violence statute would be charged as felonies.

Because we conclude that the trial court substantially complied with Crim.R. 11 in accepting Appellant's guilty plea, we overrule Appellant sole assignment of error. Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶2} On February 2, 2009, Appellant appeared before the Athens Municipal Court at 9:36 a.m. for a video arraignment after being arrested and charged with domestic violence, a first degree misdemeanor, in violation of R.C. 2919.25(A). During the video arraignment, Appellant acknowledged before the court that he had viewed and understood a video[1] regarding his rights and plea options. Appellant was then informed by the court that domestic violence was a precursor offense and that if convicted, subsequent domestic violence charges would be prosecuted as felonies. Appellant stated on the record that he understood that and also acknowledged his right to counsel. Appellant then entered a plea of not guilty to the charge.

{¶3} At 10:44 a.m. the same morning, just 1 hour and 8 minutes later, Appellant was reconnected with the court via video link to change his plea. A change of plea hearing was immediately held at Appellant's request. At

---

[1] This video is entitled "General Advice of Rights" and is apparently shown to defendants in a group setting prior to each defendant's individual video arraignment. The video explains the legal process, advises of the right to counsel, explains the difference in the types of pleas and the consequences of each plea, as well as the potential penalties associated therewith.

this hearing, the court once again advised Appellant of the pleas available to him and his right to counsel. Appellant advised on the record that he had executed a written waiver of his trial rights and plea of guilt, as well as a written waiver of his right to counsel. The court then engaged Appellant in a colloquy regarding his understanding of his rights and the consequences of waiving same. At that time the court accepted Appellant's plea of guilt, found him guilty of domestic violence, and sentenced him to 180 days in jail.[2]

{¶4} On August 19, 2009, Appellant filed a motion to withdraw his guilty plea. A hearing on the motion was held on September 1, 2009. No testimony was presented at the hearing. Instead, counsel agreed to submit the motion to the court on based upon the arguments and three exhibits, which consisted of the transcripts from the General Advice of Rights Video, arraignment hearing and change of plea hearing. On September 3, 2009, the court issued its decision and journal entry denying Appellant's motion. It is from this decision and entry denying his motion to withdraw his guilty plea that Appellant now brings his timely appeal, setting forth a single assignment of error for our review.

---

[2] In entering his plea of guilt, Appellant requested that the court give him probation or a minimum 20 day sentence so that he could keep his appointment with the Clem House on February 22, 2009. Apparently Appellant had been on a waiting list for a free bed at that facility. While the court ordered Appellant to serve 180 days in jail, it promised to review his case on the morning of February 22, 2009.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED WHEN IT DENIED MR.
BUTCHER'S MOTION TO WITHDRAW HIS GUILTY PLEA
BECAUSE HE ENTERED IT UNINTELLIGENTLY WHEN THE
TRIAL COURT FAILED TO ADVISE HIM THAT DOMESTIC
VIOLENCE IS A PRECURSOR OFFENSE AND THAT, IF
CONVICTED OF THE OFFENSE, FUTURE VIOLATIONS OF
THE DOMESTIC VIOLENCE STATUTE WOULD BE CHARGED
AS FELONIES."

{¶5} In his sole assignment of error, Appellant contends that the trial

court erred when it denied his motion to withdraw his guilty plea because he

entered it unintelligently when the trial court failed to advise him that

domestic violence is a precursor offense and that, if convicted of the offense,

future violations of the domestic violence statute would be charged as

felonies.

{¶6} At the outset, we note that this case is not an appeal from the

judgment of conviction and sentence; rather, this matter involves the trial

court's decision to overrule Appellant's post-sentence motion to withdraw his

plea. Generally, a decision to grant or to deny such a motion lies in a trial

court's sound discretion and that judgment will not be reversed absent an

abuse of that discretion. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-

6894, 820 N.E.2d 325, at ¶ 32; *State v. Xie* (1992), 62 Ohio St.3d 521, 584

N.E.2d 715, at paragraph two of the syllabus.  It is further well-settled that

an abuse of discretion is more than an error of law or judgment; rather, an

abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable.  See *State v. Clark* (1994), 71 Ohio St.3d 466, 470, 1994-Ohio-43, 644 N.E.2d 331; *State v. Moreland* (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894. In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. See *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 1995-Ohio-272, 654 N.E.2d 1254; *In re Jane Doe 1* (1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{¶7} To establish an abuse of discretion, the result must be so palpably and grossly violative of both fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but the defiance of judgment, and not the exercise of reason but, instead, passion or bias. See *Vaught v. Cleveland Clinic Found.*, 98 Ohio St.3d 485, 2003-Ohio-2181, 787 N.E.2d 631, at ¶ 13; *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 1996-Ohio-159, 662 N.E.2d 1. With this standard in mind, we turn our attention to appellant's assignment of error.

{¶8} We note that Crim.R. 32.1 provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct *manifest injustice* the court after sentence may set aside the judgment

of conviction and permit the defendant to withdraw his plea." (Emphasis added.)

{¶9} In other words, Crim.R. 32.1 allows a post-sentence motion to withdraw a plea only to correct a manifest injustice. *State v. Bell*, Cuyahoga App. No. 87727, 2007-Ohio-3276, at ¶ 10; *State v. Fairrow*, Ross App. No. 05CA2856, 2006-Ohio-503, at ¶ 11. *State v. Richardson*, Pickaway App. No. 05CA29, 2006-Ohio-386, at ¶ 10.  Further, the withdrawal of pleas occurs only in "extraordinary cases." See *State v. Smith*, Pickaway App. No. 05CA7, 2006-Ohio-1482, at ¶ 23; *State v. Allison*, Pickaway App. No. 06CA9, 2007-Ohio-789, at ¶ 7.

{¶10} As this Court recently noted in *State v. Haught*, Pickaway App. No. 06CA30, 2007-Ohio-5736, the Supreme Court of Ohio "has defined 'manifest injustice' as a clear or openly unjust act. See *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83; also see *State v. Young* (May 24, 2004), Adams App. No. 03CA782, 2004-Ohio-2711.  Moreover, the onus is on the defendant who seeks to withdraw a plea to establish the existence of the clear or openly unjust act. *State v. Wheeler*, Franklin App. Nos. 06AP-1156 & 06AP-1159, 2007-Ohio-3226, at ¶ 10; *State v. Farley*, Lawrence App. No. 02CA32,

2003-Ohio-7338, at ¶ 11." In the case sub judice, we do not believe that Appellant has carried his burden.

{¶11} Appellant argues that in accepting his plea of guilt to misdemeanor domestic violence, the trial court erred in that it failed to comply with Crim.R. 11(E), by failing to advise Appellant during his change of plea hearing that domestic violence is a precursor offense and that any future violations of that same statute would be prosecuted as felonies. We disagree.

{¶12} With respect to Appellant's claim that the trial court failed to comply with Crim.R. 11, subsection (E) provides, "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the plea of ... guilty ..." Specifically, a court must advise a defendant that a plea of guilty is a complete admission of the defendant's guilt. Id. at (B)(1). Appellant acknowledged on the record during the change of plea hearing that he understood his rights with respect to his plea and also executed a written waiver of his trial rights, right to counsel, and a written plea. However, Appellant now argues that because the trial court did not also re-advise him during his change of plea hearing the domestic violence is a precursor offense, that the trial court did not substantially

comply with Crim.R. 11. He specifically argues that he "may not have entered a guilty plea had he known the effect of his plea on future prosecutions for domestic violence."

{¶13} However, the Assistant Law Director argues in his brief that the trial court's substantial compliance with Crim.R. 11 was sufficient. We agree. After our review of the record, we believe that the trial court substantially and adequately complied with Crim.R. 11. *State v. Haught*, supra; citing, *State v. Singleton*, 169 Ohio App.3d 585, 2006-Ohio-6314, 863 N.E.2d 1114, at ¶ 69; *Euclid v. Muller* (1999), 134 Ohio App.3d 737, 744, 732 N.E.2d 410.

{¶14} Once again, the precise question is whether Appellant will be subject to a "manifest injustice" if not permitted to withdraw his plea. We find nothing in the record to suggest that the trial court's failure to fully inform Appellant about the effect of his guilty plea at the change of plea hearing, considering Appellant was fully advised of the effects of the plea an hour earlier at his arraignment hearing, prejudiced him. For these reasons, Appellant has not persuaded us that a manifest injustice will exist if his guilty plea is permitted to stand. Consequently, Appellant cannot establish that the trial court's denial of his motion to withdraw his plea constitutes an abuse of discretion.

{¶15} Accordingly, having reviewed Appellant's sole assignment of error and finding no merit therein, it is hereby overruled the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**